TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorney
Asset Forfeiture/General Crimes Sections
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569/1785
    Facsimile: (213) 894-0142/0141
    E-mail: Victor.Rodgers@usdoj.gov
           Maxwell.Coll@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>$1,500,090.00 IN U.S. CURRENCY,<br><br>        Defendant. | Case No. 2:21-cv-07192<br><br>COMPLAINT FOR FORFEITURE<br><br>18 U.S.C. § 981(a)(1)(A) & (C),<br>21 U.S.C. § 881(a)(6) and<br>31 U.S.C. § 5317(c)(2)<br><br>[FBI] |

    Plaintiff United States of America brings this claim against defendant $1,500,090.00 in U.S. Currency, and alleges as follows:

JURISDICTION AND VENUE

    1.    The government brings this <u>in rem</u> forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(A) & (C), 21 U.S.C. § 881(a)(6) and 31 U.S.C. § 5317(c)(2).

2. This Court has jurisdiction over the matter under 28 U.S.C. §§ 1345 and 1355.

3. Venue lies in this district pursuant to 28 U.S.C. § 1395.

## PERSONS AND ENTITIES

4. The plaintiff in this action is the United States of America.

5. The defendant in this action is $1,500,090.00 in U.S. Currency (the "defendant currency") seized by law enforcement officers on or about March 22, 2021, from a safe deposit box used by Michael Poliak at U.S. Private Vaults, which is located at 9182 Olympic Boulevard in Beverly Hills, California.

6. The defendant currency is currently in the custody of the United States Marshals Service in this District, where it will remain subject to this Court's jurisdiction during the pendency of this action.

7. The interests of Michael Poliak and Gabrielle Poliak may be adversely affected by these proceedings.

## BASIS FOR FORFEITURE

8. Michael Poliak is a co-owner of U.S. Private Vaults ("USPV"), which is a company that rents safe deposit boxes to customers anonymously. He has engaged in extensive criminal activities, including drug trafficking, wire fraud, money laundering and structuring, as more fully detailed in an affidavit filed on or about March 17, 2021 for a warrant regarding USPV. A true and correct copy of the affidavit and warrant is attached hereto as Exhibit A and incorporated herein by reference. Based on the criminal activity set forth in the affidavit, the defendant currency

/ / /

is subject to forfeiture as criminal proceeds and property involved in money laundering and structuring.

9. The Federal Bureau of Investigation commenced administrative forfeiture proceedings against the defendant currency. In response thereto, Michael Poliak and Gabrielle Poliak submitted claims contesting the administrative forfeiture of the defendant currency, which required the government to file this judicial forfeiture action in order to conclude the forfeiture of the funds.

## FIRST CLAIM FOR RELIEF

10. Plaintiff incorporates the allegations of paragraphs 1-9 above as though fully set forth herein.

11. Based on the above, plaintiff alleges that the defendant currency represents or is traceable to proceeds of illegal narcotic trafficking, was intended to be used in one or more exchanges for a controlled substance or listed chemical, or was used or intended to be used to facilitate a controlled substance or listed chemical violation, in violation of 21 U.S.C. § 841 et seq. The defendant currency is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR RELIEF

12. Plaintiff incorporates the allegations of paragraphs 1-9 above as though fully set forth herein.

13. Based on the above, plaintiff alleges that the defendant currency constitutes or is derived from proceeds traceable to a controlled substance violation or wire fraud violation (18 U.S.C. § 1341), each of which is a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D). The defendant currency is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

## THIRD CLAIM FOR RELIEF

14. Plaintiff incorporates the allegations of paragraphs 1-9 above as though fully set forth herein.

15. Based on the above, plaintiff alleges that the defendant currency constitutes property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i) or (a)(1)(B)(i), or property traceable to such property, with the specified unlawful activity being a controlled substance or listed chemical violation or wire fraud violation (18 U.S.C. § 1341). The defendant currency is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## FOURTH CLAIM FOR RELIEF

16. Plaintiff incorporates the allegations of paragraphs 1-9 above as though fully set forth herein.

17. Based on the above, plaintiff alleges that the defendant currency constitutes property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1957(a), or property traceable to such property, with the specified unlawful activity being a controlled substance or listed chemical violation or wire fraud violation (18 U.S.C. § 1341). The defendant currency is therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## FIFTH CLAIM FOR RELIEF

18. Plaintiff incorporates the allegations of paragraphs 1-9 above as though fully set forth herein.

19. Based on the above, plaintiff alleges that the defendant currency was involved in one or more violations of 31 U.S.C. § 5316(a) (requiring reports on importing monetary instruments of more than $10,000.00), or a conspiracy to commit such violation, or

constitutes property traceable to such violation or conspiracy. The defendant currency is therefore subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2).

   WHEREFORE, plaintiff United States of America prays:

   (a) that due process issue to enforce the forfeiture of the defendant currency;

   (b) that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed;

   (c) that this Court decree forfeiture of the defendant currency to the United States of America for disposition according to law; and

   (d) for such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated: September 7, 2021    TRACY L. WILKISON
                            Acting United States Attorney
                            SCOTT M. GARRANGER
                            Assistant United states Attorney
                            Chief, Criminal Division


                                    /s/
                            VICTOR A. RODGERS
                            MAXWELL COLL
                            Assistant United States Attorneys
                            Asset Forfeiture/General Crimes
                            Sections

                            Attorneys for Plaintiff
                            UNITED STATES OF AMERICA

## VERIFICATION

I, Lynne Zelhart, hereby declare that:

1. I am a Special Agent with the Federal Bureau of Investigation.

2. I have read the above Complaint for Forfeiture and know the contents thereof.

3. The information contained in the Complaint is either known to me personally, was furnished to me by official government sources, or was obtained pursuant to subpoena. I am informed and believe that the allegations set out in the Complaint are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 6, 2021 at Los Angeles, California.

            /s/ *Lynne Zelhart*
                Lynne Zelhart